## Oaths of Allegiance in Public Schools

MARGIOTTI, Attorney General, October 26, 1935.—We have your request to be advised whether boards of school directors can require their teachers to take the oath of allegiance to the United States; whether the teachers may be required to administer such oath to their pupils; and whether the pupils may be required to participate in such exercises.

We shall first refer to the sections of the School Code which are pertinent to your inquiry.

Section 1607 of the School Code of May 18, 1911, P. L. 309, as last amended by the Act of May 29, 1931, P. L. 243, 24 PS §1551, provides that:

"In every elementary public and private school, established and maintained in this Commonwealth, the following subjects shall be taught . . . civics, *including loyalty to the State and National Government*". (Italics ours)

Section 404 of the School Code, as amended by the Act of May 29, 1931, P. L. 243, 24 PS §338, provides:

"The board of school directors in every school district in this Commonwealth may adopt and enforce such *reasonable rules and regulations as it may deem necessary and proper*, regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers, and other appointees or employees during the time they are engaged in their duties to the district, *as well as regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the. board of school directors and teachers*, including the time necessarily spent in coming to and returning from school." (Italics ours)

Section 629 of the School Code, as amended by the Act of May 20, 1921, P. L. 1011, 24 PS §774, provides:

"The board of school directors in each district shall, when they are not otherwise provided, purchase a United States flag, flagstaff, and the necessary appliances therefor, and shall display said flag upon or near each public school building in clement weather during school hours and at such other times as the said board may determine.

"All boards of education, all proprietors or principals of private schools, and all authorities in control of parochial schools or other educational institutions, shall display the United States national flag, not less than three feet in length, within all school buildings under their control during each day such schools are in session. In all public schools, the board of school directors shall make all rules and necessary regulations for the care and keeping of such flags. The expense thereof shall be paid by the school district."

The questions presented involve the duty of every citizen to manifest his loyalty to our flag and our Nation. It should not be necessary for American citizens to be reminded daily of the privileges and the freedom that they enjoy under our flag. The spirit of loyalty should

burn constantly in the heart of every real American. However, it is most fitting that our thoughts and our emotions toward our National emblem be expressed by the oath of allegiance.

Every person who claims the right to American citizenship owes a devotion and a loyalty to the principles for which our flag stands. It is the emblem of equality, of liberty, and of justice. It represents a great people and a free people whose National integrity is unimpeachable. Under our Government our citizens enjoy a greater measure of freedom than the citizens of any other country in the world. They should appreciate the privileges and rights that can be received only in America. That gratitude should be evidenced by a deep devotion to the principles for which our Nation stands. Any person who is not imbued with that devotion is unworthy of American citizenship and the privileges it bestows.

Under the provisions of the sections quoted above, it was manifestly the intention of the legislature to prescribe courses of study or exercises in our schools inspiring patriotism and respect for our National emblem.

There is no place where the true ideals of loyalty and patriotism can be better instilled into our youth than in the schools. It is there that characters are formed and molded. It is there that they learn the principles of our Government and the true meaning of Americanism. Loyalty and patriotism should be part of our schools' daily curriculum. By taking the oath of allegiance and participation in exercises showing respect to our flag, that spirit of loyalty which should be characteristic of American citizenry will be fostered and nourished. Our school children respectfully look up to their teachers for instruction and guidance. The examples which they receive from their teachers make an indelible impression upon their minds, and they carry those impressions with them throughout their lives. Any act or expression on the part of a teacher which shows disloyalty will certainly have a demoralizing effect upon the pupils' sense of civic

responsibility, and tend to lessen the reverence in which the pupils hold our Nation. Any person holding such views is unfit to train our youth.

Our attention has been called to the fact that this fundamental duty of patriotism and respect to the flag is sought to be avoided on the ground of the constitutional guaranty contained in article I, sec. 3, of the Pennsylvania Constitution, that:

"All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences".

This section of the Constitution has never been construed in such a way as to give any individual or group of individuals the right to show disrespect for our flag. The Supreme Court of Pennsylvania, in the case of Specht v. The Commonwealth, 8 Pa. 312 (1848), said, inter alia, as follows:

" . . . conscientious doctrines and practices can claim no immunity from the operation of general laws made for the government and to promote the welfare of the whole people. . . . the right of conscience . . . 'is simply a right to worship the Supreme Being according to the dictates of the heart; to adopt any creed or hold any opinion whatever, or to support any religion; and to do, or forbear to do, any act for conscience' sake, the doing or forbearing of which is not prejudicial to the public weal' ".

In City of Wilkes-Barre v. Joseph Garabed, 11 Pa. Superior Ct. 355 (1899), Judge Orlady stated:

"Religious liberty does not include the right to introduce and carry out every scheme or purpose which persons see fit to claim as part of their religious system. While there is no legal authority to constrain belief, no one can lawfully stretch his own liberty of action so as to interfere with that of his neighbors, or violate peace and good order. The whole criminal law would be practically superseded if, under pretext of liberty of conscience, the commission of crime is made a religious

dogma: In re Frazee, 63 Mich. 396. It is not necessary to cite any further authorities in support of so plain a proposition."

Regardless of one's religious views, there can be no justification for any refusal to respect the standard of our Nation. In our land religious freedom is guaranteed to all. A person is entitled to his creed and to his beliefs. However, when disloyalty to our country is part of any creed, it constitutes a defiance to the Constitution which guarantees that creed's existence. In our Nation, the state and the church are separate and distinct. Loyalty to one should not interfere with loyalty to the other.

Section 1208 of the School Code provides for the dismissal by a board of school directors of any principal or teacher because of immorality, incompetency, intemperance, cruelty, negligence, or for the violation of any of the provisions of the School Code.

You are, therefore, advised that, not only can boards of school directors require their teachers to take the oath of allegiance to the United States and administer it to their pupils, but it is the duty of such boards to require this manifestation of loyalty to our country. You are further advised that any refusal by a teacher to comply with this requirement, whether such refusal be based upon conscientious or religious scruples, or upon any other reason, should be followed by immediate dismissal.

Refusal by any pupil who owes allegiance to our National Government to participate in the exercises described above should be considered an act of insubordination and treated as any other refusal to obey the lawful regulations of our schools.

From Frederic Ray, Harrisburg.